# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSTY LEE SALDIVAR,<br><br>Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, FRESNO COUNTY,<br><br>Respondent. | Case No. 1:24-cv-00393-SAB-HC<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE COURT REMEDIES |

Petitioner is a pretrial detainee proceeding pro se with a petition for writ of habeas corpus challenging the superior court's bail determination and Petitioner's continued pretrial detention.

Rule 4 of the Rules Governing Section 2254 Cases[1] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Habeas petitions are subject to an exhaustion requirement—either a judicially-created prudential one under 28 U.S.C. § 2241, Dominguez v. Kernan, 906 F.3d 1127, 1135 n.9 (9th Cir.

---

[1] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28 U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

2018), or a statutory one under 28 U.S.C. § 2254(b). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner in state custody can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971). "Where a petitioner seeks pre-conviction habeas relief, this exhaustion prerequisite serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials." Carden v. Montana, 626 F.2d 82, 83 (9th Cir. 1980).

If Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of his claims. Petitioner states that he "feel[s] a state direct appeal is i[m]practicable," which implies his claims have not been raised in the California Supreme Court. (ECF No. 1 at 7.[2]) It is possible, however, that Petitioner also presented his claims to the California Supreme Court and failed to indicate this to the Court. Thus, Petitioner must inform the Court whether each of his claims has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

Accordingly, Petitioner is hereby ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the petition should not be dismissed for failure to exhaust state remedies.

///

///

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

1    Petitioner is forewarned that failure to follow this order may result in a recommendation
2 for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's
3 failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated: __**April 10, 2024**__

UNITED STATES MAGISTRATE JUDGE