# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSTY LEE SALDIVAR,<br><br>Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, FRESNO COUNTY,<br><br>Respondent. | Case No. 1:24-cv-00393-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a pretrial detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.
## BACKGROUND

On April 3, 2024, Petitioner filed the instant petition for writ of habeas corpus wherein Petitioner challenges the superior court's bail determination and his continued pretrial detention. (ECF No. 1.) On April 10, 2024, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state judicial remedies. (ECF No. 4.) On April 29, 2024, Petitioner filed his response to the order to show cause. (ECF No. 7.)

## II.
## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases[1] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered

---

[1] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28 U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

1

to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

"Section 2241 . . . 'does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus.' Nonetheless, 'we require, as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241.'" Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004) (quoting Castro–Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001)). "Where a petitioner seeks pre-conviction habeas relief, this exhaustion prerequisite serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials." Carden v. Montana, 626 F.2d 82, 83 (9th Cir. 1980). A petitioner in state custody can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Here, Petitioner has failed to raise the claims presented in the instant petition to the California Supreme Court. (ECF No. 1 at 7; ECF No. 7 at 6–8.[2]) Petitioner argues that exhaustion should be excused because "any direct appeal to the higher state court was both futile and hopeless." (ECF No. 7 at 6.) However, in the context of a pre-conviction habeas petition, the Ninth Circuit has rejected the proposition that it "should make an exception to the requirement that [a petitioner] fully exhaust his remedies in state court" because "it is 'futil[e]' to 'pursu[e] the state court appellate process.'" Hiratsuka v. Houser, No. 22-35180, 2023 WL 5695995, at *1 (9th Cir. Sept. 5, 2023) (first alteration added). See Arevalo v. Hennessy, 882 F.3d 763, 767 (9th Cir. 2018) (federal habeas relief available to state pretrial detainee because he fell within the irreparable harm exception to Younger abstention and "properly exhausted his state remedies as to his bailing hearing" by filing "two motions with the superior court, a habeas petition with the

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

California Court of Appeal, and a petition for writ of habeas corpus with the California Supreme Court"). Petitioner has not sought relief in the California Supreme Court, and Petitioner is not entitled to an exception to the exhaustion prerequisite. Accordingly, the Court finds that Petitioner's claims are unexhausted and the petition should be dismissed without prejudice.

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state judicial remedies.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 31, 2024**

UNITED STATES MAGISTRATE JUDGE