UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSTY LEE SALDIVAR,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SUPERIOR COURT OF CALIFORNIA, FRESNO COUNTY,<br><br>　　　　Respondent. | No. 1:24-cv-00393-KES-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, AND DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(Doc. 9) |

　　　　Petitioner Rusty Lee Saldivar is a state pretrial detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On May 31, 2024, the assigned magistrate judge issued findings and recommendations that recommended dismissing the petition for failure to exhaust. Doc. 9. On July 2, 2024, petitioner filed objections. Doc. 10.

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the file, including petitioner's objections, the Court holds the findings and recommendations to be supported by the record and proper analysis. Petitioner's objections continue to argue that an appeal to the California Supreme Court would be futile and hopeless, *id.* at 1–2, but as the findings and recommendations explain, this is not an

1

exception to the exhaustion requirement for pre-conviction § 2241 petitions, Doc. 9 at 2–3. Petitioner also argues that he was advised by his attorney not to file the appeal to the California Supreme Court and attempts to argue that this would render the assistance she gave him ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). Doc. 10 at 2–3. However, this claim, too, is unexhausted, and cannot be considered by the Court at this stage.

Having found that petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. *Wilson v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009) ("[A] state petitioner proceeding under § 2241 must obtain a COA where the target of the habeas petition arises out of process issued by a state court."). A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Where, as here, the Court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In the present case, the Court finds that reasonable jurists would not find the determination that the petition should be dismissed debatable, wrong, or deserving of encouragement to proceed further. Therefore, the Court declines to issue a certificate of appealability.

///
///
///
///
///
///

Accordingly:

1. The findings and recommendations issued on May 31, 2024, Doc. 9, are ADOPTED in full;
2. The petition for writ of habeas corpus is DISMISSED without prejudice;
3. The Clerk of Court is directed to close the case; and
4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  December 12, 2024

_____
UNITED STATES DISTRICT JUDGE

3